# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-60272
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 23, 2023

Lyle W. Cayce
Clerk

Francisco Noe Nolasco,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 259 053

————————————————————

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Francisco Noe Nolasco, a native and citizen of Honduras, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing in part and remanding in part his appeal from an order of an Immigration Judge denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT). *See Holguin-Mendoza v.*

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60272

*Lynch*, 835 F.3d 508, 509 (5th Cir. 2018).  Because the BIA's denial of asylum, withholding of removal, and CAT relief is reviewed under the substantial evidence standard, it may not be disturbed unless the evidence "*compels*" a contrary conclusion.  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted); *see also Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

This standard has not been met.  Because Nolasco points to neither evidence nor authority showing that his proposed particular social groups were distinct and particular, he fails to show that the evidence compels a conclusion contrary to that of the BIA on the issue whether he was eligible for asylum and withholding.  *See Jaco v. Garland*, 24 F.4th 395, 402 (5th Cir. 2021); *Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019); *Zhang*, 432 F.3d at 344; *Efe v. Ashcroft*, 293 F.3d 899, 806 (5th Cir. 2002).  We need not consider his remaining arguments concerning these forms of relief.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).  Similarly, his challenge to the denial of CAT relief fails because he cites nothing compelling a conclusion contrary to that of the BIA on the issue whether he more likely than not will be tortured with government acquiescence if repatriated.  *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017); *Chen*, 470 F.3d at 1134.  The petition for review is DENIED.